IN RE JOSÉ MARÍA FRANCESCHI. LÓPEZ DE TORD & ZAYAS PIZARRO, Petitioners and Appellees, *v.* HEIRS OF FRANCESCHI ET AL., Respondents and Appellants.

No. 6282. Argued March 13, 1933.—Decided March 15, 1933.

*Henry G. Molina* for appellants. *López de Tord & Zayas Pizarro, in pro per.,* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the Court.

We are asked to dismiss the present appeal, taken from an order appointing arbitrators to examine a claim, on the grounds that said order is not appealable, and that even if it were, the appeal is frivolous.

Attorneys López de Tord and Zayas Pizarro filed a claim in the judicial administration proceedings of the estate of Francisco María Franceschi, for services rendered in several cases to the judicial administrator and to the heirs. Said attorneys requested that the examination of the details of their claim be submitted to arbitration and the district court so ordered it. The present administrator and the heirs of Franceschi took this appeal which we are asked to dismiss. Therefore, the fundamental question to be decided is whether or not such an order is appealable.

The order appealed from is incidental in the judicial administration proceedings, since it decides one of the questions arising therein without bringing said administration to an end, and therefore does not fall within the provisions of subdivision 1 of section 295 of the Code of Civil Procedure which permits an appeal from a final judgment in an action or special proceeding; nor does it fall within subdivision 3 of said section, because it is not a special order made after final judgment, for there has been no final judgment definitely terminating the judicial administration, inasmuch as the order of December 12, 1928, decreeing said administration is not such a judgment; nor is it an interlocutory judgment in an action for partition of real property. The other particulars of said subdivision 3 refer to cases that are different from the instant case, and subdivision 2 of the cited section provides for appeals from municipal courts.

Therefore, this appeal not being included in any of the cases covered by said section 295, it must be dismissed.